UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARMIEC MURRAY, individually
and on behalf of all others similarly situated,

       Plaintiff,

v.                                                Case No. 8:20-cv-2385-T-24 AAS

HUNTER WARFIELD, INC. and JOHN
DOES 1-25,
       Defendants.
_____/

## ORDER

This cause comes before the Court on Hunter Warfield's Motion to Dismiss. (Doc. No. 6). Plaintiff opposes the motion. (Doc. No. 8). As explained below, the motion is denied.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether

the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II. Background

Plaintiff Karmeic Murray alleges the following in her complaint (Doc. No. 1): Plaintiff allegedly incurred a personal debt with The Hamptons @Pine Bend, and Defendant Hunter Warfield, Inc. ("HW") attempted to collect that debt from Plaintiff. Specifically, HW sent Plaintiff a collection letter, dated October 14, 2019, that stated, in relevant part, the following:

> Please be advised that your delinquency in the amount of $2,796.57 which is owed to creditor, THE HAMPTONS @ PINE BEND, is still outstanding.
>
> Your account is now in final review. This account meets the guidelines for legal action set by the creditor, but they have not yet referred your account to an attorney or made a decision to file a lawsuit. There is still time for you to work with us in resolving the account. If we cannot resolve this matter, the creditor may refer your account to an attorney to review their ability to recover your unpaid balance through litigation. If an action is commenced and a judgment is sought, you will be given notice and the opportunity to raise a legal defense.
>
> Accordingly, demand is hereby made for full payment of your past due amount to avoid the possibility of additional costs if the creditor chooses to proceed with legal action.

(Doc. No. 1-2). The letter was signed by a person from HW's "Pre-Litigation Department." (Doc. No. 1-2).

Plaintiff contends that the letter implicitly threatens her with legal action that was not intended to be taken in an attempt to deceive, harass and coerce her into paying the debt. As a result, Plaintiff filed suit against HW and asserts two claims under the Fair Debt Collection Practices Act ("FDCPA").

In Count I, Plaintiff asserts a claim for violations of 15 U.S.C. §1692e, which prohibits a debt collector from using false, deceptive, or misleading representations or means in the collection of a debt. Specifically, Plaintiff contends that HW violated three provisions of §1692e: (1) HW made a false representation about the character, amount, or legal status of a debt (§ 1692e(2)(A)); (2) HW threated legal action that was not intended to be taken (§ 1692e(5)); and (3) HW used a false representation or deceptive means to attempt to collect the debt (§ 1692e(10)).

In Count II, Plaintiff asserts a claim for a violation of 15 U.S.C. §1692f. Section 1692f prohibits a debt collector from using unfair or unconscionable means to attempt to collect a debt.

### III.  Motion to Dismiss

In response to the complaint, HW filed the instant motion to dismiss. HW argues that the basis for all of the alleged FDCPA violations is Plaintiff's contention that the collection letter threatened legal action that was not intended to be taken. As such, HW argues that the complaint should be dismissed, because: (1) the collection letter does not threaten legal action against Plaintiff; and (2) a claim under § 1692f cannot be based on the same conduct that she contends also violates § 1692e. Accordingly, the Court will address both arguments.

#### A.  Threat of Litigation

HW argues that Plaintiff's claims should be dismissed, because the collection letter does not threaten legal action against Plaintiff. The Court employs the "least-sophisticated consumer" standard when evaluating whether the letter threatened legal action. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 (11th Cir. 2010). The Eleventh Circuit has described the protection afforded by the "least-sophisticated consumer" standard as follows:

> [Debt collection] law was not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the

3

> unthinking, and the credulous . . . and [t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business. Laws are made to protect the trusting as well as the suspicious.
>
> The "least sophisticated consumer" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that [w]hile protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness . . . .

Id. at 1194 (internal citations and quotation marks omitted).

The LeBlanc case is instructive. In LeBlanc, the plaintiff-debtor claimed that the debt collector's letter improperly threatened legal action in violation of the FDCPA. See id. at 1189. The letter, which purported to be from the debt collector's "Legal Department," stated the following, in relevant part:

> If we are unable to resolve this issue within 35 days we may refer this matter to an attorney in your area for legal consideration. If suit is filed and if judgment is rendered against you, we will collect payment utilizing all methods legally available to us, subject to your rights below.

Id. at 1188. The district court granted the plaintiff's motion for summary judgment on his FDCPA claim based on his contention that the letter improperly threatened legal action. See id. at 1189. The debt collector appealed. See id.

On appeal, the appellate court evaluated the letter under the "least-sophisticated consumer" standard and stated the following:

> [R]easonable jurors applying the "least-sophisticated consumer" standard could disagree as to the inferences to be drawn from [the debt collector's] letter to [the plaintiff]. The letter clearly serves to inform the consumer-debtor. The letter conveys a significant amount of information to the recipient, requests action or response

4

> from the debtor, and uses the word "please" throughout. In terms of consequences, it reads: "*If* we are unable to resolve this issue within 35 days we *may* refer this matter to an attorney in your area for legal consideration." Read literally, the letter merely advises that legal action is *possible,* that it is *possible* for [the debt collector] to refer the matter to an attorney for consideration, that a lawsuit is only one *possible* outcome or result. Moreover, while there is no express statement regarding what is meant by "resolve," the fact that this option is set apart from the mechanics of making payment tends to show that something less than immediate payment in full may be acceptable. A least-sophisticated consumer could read the letter as offering at least two options for responding. Taking the most literal reading, a reasonable juror could find the [collection] letter was more informative than threatening and did not threaten imminent legal action.
>
> However, a reasonable juror applying the "least-sophisticated consumer" standard could also view this letter as either an overt or thinly-veiled threat of suit. . . . [The debt collector] mistakenly relies on the use of conditional language such as "if" and "may" in an effort to safeguard the letter from being construed as "threatening." Despite the conditional language, a reasonable juror could read the [collection] letter as intimating that a lawsuit will follow *immediately* after the end of the 35 day "grace" period. More significantly, in the event of suit, the tone of the letter shifts to more forceful language—"If suit is filed and if judgment is rendered against you, *we will collect payment utilizing all methods legally available to us* ...." This portion of the letter supports a reasonable inference that [the debt collector] is threatening [the plaintiff] with legal action, that it is [the debt collector's] intent to deprive [the plaintiff] of his personal property. Finally, although not determinative, another hint or suggestion of intimidation is that the letter is sent from [the debt collector's] "Legal Department."

Id. at 1196 (internal citations and footnotes omitted). As a result, the appellate court concluded that "where the parties reasonably disagree on the proper inferences that can be drawn from the debt collector's letter, resolution is for the trier of fact—not for the court [as a matter of law]." Id. at 1197. Thus, based on LeBlanc, if the collection letter at issue in the instant case is susceptible to two reasonable inferences—*i.e.,* that the collection letter is merely informative or

that it threatens legal action—then this Court should not decide the matter on a motion to dismiss.

HW argues that the collection letter is merely informative and does not threaten legal action. The Court agrees that a reasonable, literal interpretation of the letter is that it simply informs Plaintiff of the possibility of litigation. However, the Court also agrees with Plaintiff that a reasonable interpretation of the letter is that it is implicitly threatening litigation to coerce Plaintiff to pay the debt. See, e.g., Bond v. Ideal Collection Services, Inc., 2018 WL 7351699, at *1-2 (M.D. Fla. Aug. 29, 2018)(evaluating a collection letter that stated if the debt collector did not receive payment in full within ten days, it would refer the case back to its client and recommend that further action be taken, which may result in the debtor being required to pay court costs, filing fees, and attorney's fees; the court stated that despite the conditional language, the least-sophisticated consumer could read the letter as threatening an immediate lawsuit after the ten-day grace period); Grossman v. Smith, 2014 WL 12860364, at *2, 5 (N.D. Ga. Aug. 21, 2014) (evaluating a collection letter written under a law firm's letterhead that stated that failure to remit payment in full or notify the office within ten days "may result in further action in order to enforce payment and secure the interests of our client;" the court found that the statement "could be viewed as an implied threat of litigation, especially since the letter was sent out under a law firm's letterhead"), *adopted by* 2014 WL 12860373 (N.D. Ga. Dec. 18, 2014); Holzman v. Malcolm S. Gerald & Associates, Inc., 920 F.3d 1264, 1272 (11th Cir. 2019)(stating that the collection letter, which contained an offer to resolve a time-barred debt combined with a deadline to accept the reduced payment offer and a warning that the offer might not be renewed, could cause the debtor to conclude "that he is being presented with an ultimatum, and that failure to make payment within the required time frame would result in negative consequences, such as

legal action"). Accordingly, the Court finds that Plaintiff has plausibly alleged that the collection letter threated legal action, and as such, HW's motion on this issue is denied.[1]

### B. Basis for the § 1692f Claim

Next, HW argues that Plaintiff's claim under § 1692f must be dismissed, because it cannot be based on the same conduct that she contends also violates § 1692e (*i.e.,* that HW threatened legal action that was not intended to be taken). Courts within the Eleventh Circuit are split on the issue of whether the same conduct can violate §1692f and another FDCPA provision, and those courts considering the issue appear to read indirect Eleventh Circuit case law on the issue differently. Until the Eleventh Circuit directly addresses this issue, this Court is persuaded that the same conduct can violate both §1692f and another FDCPA provision.

Section 1692f prohibits a debt collector from using unfair or unconscionable means to attempt to collect a debt. When analyzing a claim brought under §1692f, the Court applies the "least-sophisticated consumer" standard to evaluate whether the debt collector employed means that were unfair or unconscionable. See LeBlanc, 601 F.3d at 1201.

In this case, Plaintiff contends that HW threatened Plaintiff with legal action that was not intended to be taken and that such was an unfair means of debt collection. The Court finds that Plaintiff has plausibly stated a claim under §1692f despite the fact that her §1692f claim is dependent on the success of her claim that HW violated §1692e. See id. at 1200 (allowing the plaintiff's claim under §1692f to proceed despite the fact that it was dependent in part on the success of his §1692e(5) claim)); Bond, 2018 WL 7351699, at *3 (stating that "conduct running

---

[1] The Court notes that threatening legal action is not the sole issue with respect to Plaintiff's FDCPA claims. For example, in order to succeed on a claim for a violation of §1692e(5), Plaintiff must also show that the threatened legal action was not intended to be taken. Plaintiff has made such an allegation in her complaint, and HW has not specifically disputed the sufficiency of that allegation.

afoul of §1692e may subject a defendant to liability under §1692f"); <u>Foster v. Franklin Collection Service, Inc.</u>, 2018 WL 4365518, at *5 (M.D. Ga. Sept. 13, 2018)(stating that the <u>LeBlanc</u> opinion implies "that the Eleventh Circuit recognizes that a single act by a debt collector can violate multiple provisions of the FDCPA"); <u>Thompson v. Resurgent Capital Services, L.P.</u>, 2015 WL 12681653, at *6 (N.D. Ala. July 17, 2015)(allowing the plaintiff to pursue her claim under § 1692f based on the same conduct alleged to violate §1692e). As such, this Court denies HW's motion on this issue.

**IV.  Conclusion**

Based on the above, it is ORDERED AND ADJUDGED that Hunter Warfield's Motion to Dismiss (Doc. No. 6) is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 27th day of January, 2021.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record